Barbour, J.
This, by the complaint, is an action brought to recover the possession of certain lands ; being precisely equivalent to an action of ejectment under the old practice. The defendants aver, in their answer, that they entered into the possession of the premises, by and with the consent of the plaintiffs, and now hold the same under a contract to purchase such premises' from the plaintiffs, which is set out, and by virtue of a deed executed to them by the latter, in accordance with the provisions of such contract, under the direction of one of the justices of the Supreme Court.'
The defendants now move for leave to amend their answer by setting forth -the fact, shown by affidavits to exist, that, previous to the commencement of this action, they purchased, 34)4 still hold, a certain mortgage upon the pyemises, then *643 overdue, and which remains unpaid ; showing, by way of excuse for not inserting the same in their answer, that their trustees failed to communicate such fact to their counsel, because "they supposed it to be unimportant. They also ask to be permitted to file a supplemental answer, setting up the fact likewise sufficiently established by affidavits for the purposes of this motion, that after the commencement of the action, and while they were in possession of the premises under their contract with, and their deed from, the plaintiffs, they purchased and now hold certain other overdue mortgages of the plaintiffs upon the premises.
Although it maybe doubtful, in view of the statements contained in the affidavits, whether the plaintiffs’ deed, or even their contract to convey is valid, so as to vest in the defendants the right to continue in possession of the church edifice and premises which are the subject of the action, it seems to me quite clear, from the facts before me, irrespective of those papers, that the defendants were placed in possession of the church edifice and grounds by the plaintiffs, and continued to hold the same up to and at the time they purchased the mortgage first above mentioned ; and that upon and by such mortgage, they became substituted in place of the mortgagee therein and entitled, by subrogation, to all the rights of a mortgagee in possession. The defense now sought to be set up by way of amendment is, therefore, a proper one ; such an one, it may be assumed, as would have been interposed, if the facts had been brought to the knowledge of the counsel. I think it would be unjust to deprive the defendants of the right to set up the facts constituting such defense j but inasmuch as the amendment has been rendered necessary by the ignorance, and therefore the fault, of the defendants’ own agents, leave should be granted only upon such terms as will fully protect all the rights of the plaintiffs.
I think, also, that the application for leave to serve and file a supplemental answer ought to be granted. For, if' the defendants were rightfully in possession of the premises, at the time they purchased the mortgages mentioned in the moving papers, *644 either under their contract to purchase, or the plaintiffs’ deed, or as mortgagees in possession under the first mentioned mortgage, their purchase of these mortgages, even though after suit brought by the plaintiffs to recover possession, vested in them the right to retain such possession until such mortgages should be paid ; such a right as could have been enforced, I think, under our former system of jurisprudence, by injunction in a suit brought to foreclose the mortgages against proceeding to judgment in the action of ejectment, until the mortgage debt should be paid; and the same right, undoubtedly, exists under our present practice in cases where the party cannot have his proper remedy as defendant in an action like this. But when full relief may be obtained by means of á supplemental answer, in a pending suit, without prejudice or hazard to the interests of the plaintiffs, I' see no valid reason for driving the defendant to a new suit.
Both of the motions should, therefore, be granted, provided the right of the plaintiff can be secured. It is easy to see that the defendants ought not to be allowed to set up such a défense now, by an amendment to their answer, as may entitle them to costs in the action, without providing for the payment of costs already accrued during, if not because of, their laches. Nor should they be allowed to set up such a defense, either by amendment or by way of supplemental answer, as may prevent the recovery of possession by the plaintiffs, and, perhaps, cast them in costs, without permitting the latter to obtain a full and final determination of all the rights of the parties touching the possession of the premises in question.
An order may be entered granting leave to the defendants to amend their answer and to file and serve the supplemental answer prayed for, provided they shall add to and serve with such amended answer and supplemental answer, respectively, within tep. days front the service of such order, an alternative prayer for a judgment foreclosure upon the mortgages, ip case it shall be determined that the defendants are not entitled to the possession of the premises under any right other than as mortgagees in possession, and, also, pay to the plaintiffs, within *645 süch ten days, the costs of the action to the date oof the service of notice of this motion. The defendants. must, also, as a condition precedent, execute to the plaintiffs a stipulation that the costs of the action shall he in the discretion of the court. Ten dollars, costs of this motion, to the plaintiff, to abide the result of the action.